CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 06 2006

JOHN F. CORCORAN, CLERK
BY: HMcConess
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT DANVILLE

| | |
|---|---|
| HAROLD E. VANN II, <br><br> Plaintiff, <br><br> v. <br><br> GUILDFIELD MISSIONARY BAPTIST CHURCH, WILLIE G. BENNETT, ELOISE TERRY, LINWOOD WALLER, BERNARD MOTLEY and possibly other individuals as yet unidentified, <br><br> Defendants. | Case No.: 4:06CV00011 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Harold E. Vann, II, by and through his undersigned counsel of record, and for his Complaint against Defendants Guildfield Missionary Baptist Church, Willie G. Bennett, Eloise Terry, Linwood Waller, Bernard Motley and possibly other individuals as yet unidentified, states as follows:

### NATURE OF THE ACTION

1. This is an action for breach of contract against Defendant Guildfield Missionary Baptist Church ("Guildfield"), and for conspiracy to injure the Plaintiff in his trade, business or profession against the individually named Defendants, as a result of which Plaintiff seeks treble damages against the individual Defendants under Va. Code §§ 18.2-499 and 18.2-500.

### PARTIES

2. Plaintiff Harold E. Vann, II ("Vann") is a citizen and resident of the State of California, who resides at 1408 S. Spaulding Avenue, Apartment 4, Los Angeles, CA 90019.

#98612-1
107665-00001-02

3. Upon information and belief, Defendant Guildfield is an unincorporated association organized and existing as a place of religious worship; Guildfield is located at 8657 Franklin Turnpike, Dry Fork, Pittsylvania County, VA 24549, and service may be had on this Defendant through personal service on any of its deacons or trustees.

4. Individual Defendant Willie G. Bennett ("Bennett") is a citizen and resident of the Commonwealth of Virginia, and may be served at his place of residence, 60 Pasadena Knoll, Martinsville, VA 24112.

5. Individual Defendant Eloise Terry is a citizen and resident of the Commonwealth of Virginia, and may be served at her place of residence, 603 Vicar Road, Danville, VA 24540.

6. Individual Defendant Linwood Waller is a citizen and resident of the Commonwealth of Virginia, and may be served at his place of residence, 4297 Sandy Creek Road, Dry Fork, VA 24549.

7. Individual Defendant Bernard Motley is a citizen and resident of the Commonwealth of Virginia, and may be served at his place of residence, 180 Tributary Rd, Dry Fork, VA 24549.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that there is complete diversity of citizenship between the Plaintiff and Defendants, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over each Defendant because each of them resides within the Commonwealth of Virginia, and also within the federal judicial district encompassed by this Court.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(a) because the Defendants are located and/or reside in this district, and all of the events giving rise to this Complaint occurred in this district.

## FACTUAL BACKGROUND

11.     On or around December 1, 1997 Plaintiff Vann and Defendant Guildfield entered into contract whereby Plaintiff Vann would serve as the Pastor of Guildfield Missionary Baptist Church for an indefinite term and Guildfield would pay Plaintiff $1,225.76 as bi-weekly compensation, plus life insurance of $219, monthly IRA contributions of $550, health-care insurance, and an annual budgeted anniversary gift of $500.

12.     Plaintiff faithfully performed his obligations under his contract with Guildfield Missionary Baptist Church until he was "evicted" from his position and Defendant ceased to pay him.

13.     Specifically, on or around March 15, 2004, Guildfield breached its obligations under the contract by attempting to terminate Plaintiff's employment without notice and without a vote by the church membership in violation of the church Bylaws, Article III, and thereafter ceasing to pay the Plaintiff his required compensation.

14.     Defendant Guildfield's attempted termination of Plaintiff Vann was the culmination of the actions of individual Defendant Bennett, in concert and conspiracy with one or more or all of the remaining individual Defendants and/or individuals as yet unidentified, designed improperly to dislodge Plaintiff from his position as pastor at Guildfield by false and knowingly invalid and illegal means, including but not limited to serving Plaintiff with a false and illegal "no trespass" notice.

3

15. The actions of the individual Defendants, in concert and conspiracy, were done in knowing violation of Guildfield's Bylaws, which required that Plaintiff be terminated *only* upon 90 days notice and following a majority vote of the church membership at a called business meeting, neither of which requirement has ever been met.

16. The actions of the individual Defendants as described herein, in concert and conspiracy, were taken with the willful and malicious intent to injure the Plaintiff in his business trade or profession.

## COUNT I

### BREACH OF CONTRACT

17. Plaintiff Vann hereby incorporates by reference and restates herein the allegations of Paragraphs 1 through 16, above.

18. The actions of Guildfield in attempting to terminate the Plaintiff's position as pastor without the requisite notice and vote of the church membership as described hereinabove, and thereafter failing to pay the Plaintiff his salary, were taken in violation of the Guildfield's Bylaws, the terms of which constituted a legal and binding contract between Plaintiff and Guildfield.

19. In the alternative, the actions of Guildfield in attempting to terminate the Plaintiff's position as pastor without the requisite notice and vote of the church membership as described hereinabove, and thereafter failing to pay Plaintiff his salary, violated the oral contractual agreement between the Plaintiff and Guildfield.

20. As a direct and proximate result of Guildfield's contract breach, Plaintiff Vann has suffered damages in the form of loss of income and benefits to which he was entitled under the contract in such amounts as the evidence will show, which damages are in excess of $75,000 and are ongoing.

4

## COUNT II

### CONSPIRACY TO INJURE PLAINTIFF IN HIS TRADE, BUSINESS OR PROFESSION

21    Plaintiff hereby incorporates by reference and restates herein the allegations of Paragraphs 1 through 20, above.

22.    The actions of the individual Defendants as described hereinabove to fraudulently and unlawfully dislodge Plaintiff from his pastorate constitute a conspiracy willfully and maliciously to injure the Plaintiff in his trade, business or profession.

23.    Said conspiracy violates Va. Code § 18.2-499, and under Va. Code § 18.2-500 Plaintiff therefore is entitled to recover three times his actual damages as described in paragraphs 11 and 20, above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vann respectfully requests that the Court enter judgment as follows:

a)    As to Count I, awarding Plaintiff damages for breach of contract for his lost income and benefits, past, present and future, until such time as Defendant Guildfield terminates Plaintiff's employment pursuant to the contract in issue, and in such amount as the evidence will show, but in no event less than $75,000;

b)    As to Count II, awarding Plaintiff treble damages against the individual Defendants, *i.e.*, three times the compensatory damages resulting from Defendants' breach of their contractual obligations to the Plaintiff as described herein, as well as prejudgment interest thereon, in such amount as will be established at trial but in no event less than $225,000; and

5

#98612-1
107665-00001-02

c) As to both Counts of Plaintiff's Complaint, awarding Plaintiff the attorneys' fees and costs he has incurred in prosecuting this action, and granting Plaintiff such other and further relief that the Court deems just and proper.

d) Plaintiff finally demands that he have TRIAL BY JURY as to all factual issues here involved.

Dated: March 3, 2006

Respectfully submitted,

HAROLD VANN II

By: _____
        Of Counsel

Michael A. Cole
WOODS ROGERS PLC
341 Main Street, Suite 302
Danville, Virginia 24541
Telephone:    (434) 797-8200
Facsimile:     (434) 797-8214
E-mail: mcole@woodsrogers.com
   Counsel for Plaintiff,
      Harold E. Vann, II

#98612-1
107665-00001-02